1   Susan E. Coleman (SBN 171832)
    E-mail:  scoleman@bwslaw.com
2   Kristina Doan Gruenberg (268188)
    E-mail:  kgruenberg@bwslaw.com
3   BURKE, WILLIAMS & SORENSEN, LLP
    444 South Flower Street, Suite 2400
4   Los Angeles, CA  90071-2953
    Tel:  213.236.0600  Fax:  213.236.2700
5
    Attorneys for Defendant
6   ALCOHOL MONITORING SYSTEMS, INC.

7   J. Alan Frederick (SBN 61170)
    Email: alanfrederick@mrfflaw.net
8   Paul J. Whitfield (SBN 241651)
    Email: paulwhitfield@mrfflaw.net
9   MARRONE, ROBINSON, FREDERICK &
    FOSTER
10  111 N. 1st St. Suite 209
    Burbank, CA 91502
11  Tel: 818.841.1144  Fax: 818.841.0746

12  Attorneys for Defendant
    SCRAM OF CALIFORNIA, INC.
13

14              UNITED STATES DISTRICT COURT

15             CENTRAL DISTRICT OF CALIFORNIA

16

| 17 | ROSEANNE HANSEN, on behalf of herself and all others similarly situated; | Case No.  2:17-cv-01474-CAS-PLA |
|----|----|----|
| 18 | JENNIFER OH, on behalf of herself and all others similarly situated; | **DEFENDANTS ALCOHOL MONITORING SYSTEMS, INC.** |
| 19 | LINDA SOLTIS, on behalf of herself and all others similarly situated; | **AND SCRAM OF CALIFORNIA, INC.'S NOTICE OF MOTION AND** |
| 20 | BROOKE HOFFMAN, on behalf of herself and all others similarly situated; | **MOTION TO DISMISS PLAINTIFFS' SECOND** |
| 21 | PATRICK GUERRERO, on behalf of himself and all others similarly situated; MICAH BAILEY, on behalf | **AMENDED COMPLAINT; POINTS AND AUTHORITIES IN SUPPORT** |
| 22 | of himself and all others similarly situated; CHRISTINA BOHNSTEDT, | **OF SAME** |
| 23 | on behalf of herself and all others similarly situated, | Fed. R. Civ. P. 12(b)(6), 9(b) |
| 24 |  | Judge:  Christina A. Snyder |
| 25 | Plaintiffs, | Date:    August 28, 2017 |
| 26 | v. | Time:    10:00 a.m. Court:  8D_____ |
| 27 | SCRAM OF CALIFORNIA, INC. a California Corporation; ALCOHOL | |
| 28 | MONITORING SYSTEMS, INC., a | |

1  Delaware Corporation; and DOES 1
2  through 10, inclusive,

3              Defendants.

4          TO PLAINTIFFS, by and through their counsel of record:

5          PLEASE TAKE NOTICE THAT that on August 28, 2017 at 10:00 a.m., or

6  as soon thereafter as may be heard, in Courtroom 8D of the United States District

7  Court, Central District of California, located at 350 W. First Street, Los Angeles,

8  Defendants ALCOHOL MONITORING SYSTEMS, INC. and SCRAM OF

9  CALIFORNIA, INC. will and hereby do move the Court for an order dismissing

10 Plaintiffs' Second Amended Complaint under Federal Rule of Civil Procedure

11 12(b)(6).

12         Defense counsel attempted to meet and confer with Plaintiffs' counsel

13 several times pursuant to L.R. 7-3, including sending Plaintiffs' counsel an 8-page

14 meet and confer letter and requesting that Plaintiffs' counsel provide a time to

15 discuss the letter.  To date, Plaintiffs' counsel has been unresponsive to defense

16 counsel's efforts to meet and confer to discuss the deficiencies regarding Plaintiffs'

17 Second Amended Complaint. (Gruenberg Decl.)

18

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2

- 2 -

2:17-CV-01474-CAS-PLA
MTD SAC

1        This Motion will be based this notice of motion, the memorandum of points

2   and authorities, the records and documents on file herein, as well as such evidence

3   and argument as may be presented at the time of hearing on this matter, should the

4   Court determine that oral argument is warranted.

5

6   Dated: July 27, 2017           BURKE, WILLIAMS & SORENSEN, LLP

7

8                     By:  /s/ Kristina Doan Gruenberg

                      Susan E. Coleman

9                         Kristina Doan Gruenberg

10                  Attorneys for Defendant
               ALCOHOL    MONITORING    SYSTEMS,

11                  INC.

12

13   Dated:  July 27, 2017         MARRONE,  ROBINSON,  FREDERICK  &
               FOSTER

14

15                     By:  /s/ Paul J. Whitfield

16                         J. Alan Frederick
                      Paul J. Whitfield

17                  Attorneys for Defendant

18                  SCRAM OF CALIFORNIA, INC.

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2

- 3 -

2:17-CV-01474-CAS-PLA
MTD SAC

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................ 1

II.  PROCEDURAL HISTORY ................................................................................ 2

III.  LEGAL STANDARD ......................................................................................... 3

IV.  RELEVANT FACTUAL ALLEGATIONS ....................................................... 3

V.  PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO BRING UNFAIR COMPETITION LAW AND FALSE ADVERTISEMENT CLAIMS ON BEHALF OF NON-CALIFORNIA RESIDENTS ................. 5

VI.  PLAINTIFFS HAVE NOT ALLEGED COMPLIANCE WITH OHIO OR TEXAS' NOTICE REQUIREMENTS ..................................................... 7

    A.  Ohio Notice Requirement ...................................................................... 7

    B.  Texas' Notice Requirement .................................................................... 8

VII.  PLAINTIFFS CANNOT BRING A SUB-CLASS ACTION UNDER LOUISIANA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW ........................................................................................ 9

VIII.  PLAINTIFFS CANNOT CREATE A CAUSE OF ACTION BASED ON VARIOUS STATES' CONSUMER PROTECTION LAWS WITH DIFFERENT PROCEDURAL AND SUBSTANTIVE REQUIREMENTS THAT HAVE NOT BEEN MET ................................. 10

    A.  Mississippi and Oregon Do Not Allow Private Causes of Action ..... 10

    B.  Several States Do Not Allow Class Action Lawsuits ......................... 11

    C.  Plaintiffs Have Failed to Allege Reliance Which is Required for...... 12

    Some States ................................................................................................ 12

    D.  Plaintiffs Have Failed to Show Compliance with the Notice Requirement of Several States ............................................................. 13

    E.  Plaintiffs Cannot Bring Products Liability Claims in Disguise.......... 13

IX.  PLAINTIFFS FAIL TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR ANY FRAUD CLAIMS ...................................................... 14

X.  PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF CONTRACT ................................................................................................... 16

    A.  Plaintiffs Failed to Allege Notice ....................................................... 17

    B.  Plaintiffs Have Failed to Allege Sufficient Facts to Show a Breach ................................................................................................... 17

XI.  CONCLUSION ................................................................................................ 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### Federal Cases

*Alvarez v. Chevron Corp.*,
   656 F.3d 925 (9th Cir. 2011) ............................................................... 17

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................ 3

*Bower v. International Business Machines, Inc.*
   (S.D. Ohio 2007), 495 F.Supp.2d 837 ................................................. 8

*Clegg v. Cult Awareness Network*,
   18 F. 3d 752 (9th Cir. 1994) ............................................................ 3, 4

*Honig v. Comcast of Georgia*,
   537 F.Supp.2d 1277 (N.D.Ga. 2008) ................................................. 11

*Iberia Credit Bureau, Inc., v. Cingular Wireless LLC*,
   379 F.3d 159 (5th Cir. 2004) ............................................................... 9

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ...................................................... 15, 16

*Lozano v. AT&T Wireless Servs.*,
   504 F.3d 718 (9th Cir. 2007) ............................................................. 18

*McFarland v. Memorex Corp.*,
   96 F.R.D. 357 (N.D. Cal. 1982) ........................................................ 18

*Phillips v. Philip Morris Companies Inc.*,
   No. 5:10-cv-1741, 2013 U.S. Dist. LEXIS 40908 (N.D. Ohio Mar.
   21, 2013) .............................................................................................. 8

*Semegen v. Weidner*,
   780 F.2d 727 (9th Cir. 1985) ............................................................. 15

*Sullivan v. Oracle Corp.*,
   ___ F.3d ___ (9th Cir. Nov. 6, 2008) .................................................. 5

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4810-8226-1835 v2

- ii -

2:17-CV-01474-CAS-PLA
MTD SAC

*Tran v. Metropolitan Life Insurance Co.*,
   408 F.3d 130 (3d Cir. 2005) ................................................................. 12

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) .............................................................. 18

## State Cases

*Edwards v. Chrysler Motor Co., Inc.*,
   984 So. 2d 85 (La. Ct. App. 2008) ......................................................... 9

*Ex parte Exxon Corp.*,
   725 So. 2d 930 (Ala. 1998) .................................................................... 11

*Friedlander v. PDK Labs*,
   266 Ga. 180 (1996) ................................................................................ 11

*State ex rel. Guste v. General Motors Corp.*,
   370 So. 2d 477 (La. 1978) ...................................................................... 9

*Harris v. Rudin, Richman & Appel*,
   74 Cal.App.4th 299 (1999) ..................................................................... 18

*Hurley v. Heart Physicians, P.C.*,
   898 A.2d 777 (Conn. 2006) ................................................................... 14

*Key v. Lewis Aquatech Pool Supply, Inc.*,
   58 Va. Cir. 344 (Va. Cir. Ct. 2002) ....................................................... 12

*McDarby v. Merck & Co.*,
   401 N.J. Super. 10 (App. Div. 2008) ..................................................... 14

*Morris v. Sears, Roebuck & Co.*,
   765 So. 2d 419 (La. Ct. App. 2000) ......................................................... 9

*Pearsall v. Va. Racing Comm'n*,
   494 S.E.2d 879 (Va. App. 1998) ............................................................ 12

*Sinclair v. Merck & Co.*,
   195 N.J. 51 (2008) ................................................................................. 14

*Toy v. Metropolitan Life Insurance Co.*,
   928 A.2d 186 (Pa. 2007) ........................................................................ 12

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4810-8226-1835 v2

- iii -

2:17-CV-01474-CAS-PLA
MTD SAC

*Univ. Fed. Credit Union v. Grayson*,
   878 So. 2d 280 (Ala. 2003) ...................................................................... 11

*Walker v. Sunrise Pontiac-GMC Truck, Inc.*,
   249 S.W.3d 301 (Tenn. 2008) ................................................................. 11

*Weinberg v. Sun Co.*,
   777 A.2d 442 (Pa. 2001) .......................................................................... 12

*Zeeman v. Black*,
   156 Ga. App. 82 (Ga. App. 1980) ........................................................... 12

## State Statutes

Ala. Code
   § 8-19-10(e) ............................................................................................. 13
   § 8-19-10(f) ............................................................................................. 11

Alabama Deceptive Trade Practices Act ...................................................... 11

Alaska Stat. § 45.50.531 ............................................................................. 13

Cal. Civil Code § 1782 ................................................................................ 13

California's Consumers Legal Remedies Act ................................................ 2

California's False Advertising Law ................................................................ 2

California's Unfair Competition Law........................................................ 1, 5

Comm. Code § 17.505(a).............................................................................. 8

Connecticut Unfair Trade Practices Act...................................................... 14

False Advertisement Law ....................................................................... 5, 14

FLSA ............................................................................................................ 5

Ga. Code § 10-1-399(b)............................................................................... 13

Georgia Fair Business Practices Act ........................................................... 11

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2

- iv -

2:17-CV-01474-CAS-PLA
MTD SAC

Ind. Code
  § 24-5-0.5-2(a)(5)-(8) ........................................................................ 13
  § 24-5-0.5-4 ......................................................................................... 12
  § 24- 5-0.5-5 ....................................................................................... 13

La. Stat. Ann.
  § 51:1405 ............................................................................................... 9
  § 51:1409 ......................................................................................... 9, 11

Louisiana Unfair Trade Practices and Consumer Protection Act ...................... 9, 11

Mass. Gen. Laws ch. 93A, § 9(3) ...................................................... 13

Me. Rev. Stat. Ann. tit. 5 § 213(1-A) ............................................... 13

Mississippi Code
  § 75-24-5(1) ....................................................................................... 10
  § 75-24-15(2) ..................................................................................... 13

Montana Code § 30-14-133(1) ............................................................ 11

New Jersey's Product Liability Law, N.J.S.A. 2A:58C-1, et seq. ........... 14

O.C.G.A. §10-1-399(a) ...................................................................... 11

Ohio Consumer Sales Practices Act ..................................................... 7

Ohio Revised Code § 1345.09(B) ......................................................... 7

Oregon Rev. Stat.
  § 646.608(1)(u) .................................................................................. 10
  § 646.608(4) ....................................................................................... 10

R.C. 1345.09(B) .................................................................................... 8

S.C. Code § 39-5-140 .......................................................................... 11

Tennessee Code § 47-18-109(a)(1) ..................................................... 11

Tex. Bus. & Com. Code § 17.505 .......................................................... 8

Texas Deceptive Trade Practices-Consumer Protection Act .................. 7, 8

W. Va. Code § 46A-6-106(b) .............................................................. 13

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4810-8226-1835 v2                  - v -                  2:17-CV-01474-CAS-PLA
                                                                            MTD SAC

Wyo. Stat. Ann.
  § 40-12-102(a)(ix) ........................................................................... 12
  § 40-12-108(a) ............................................................................... 12

**Other Authorities**

Federal Rule of Civil Procedure
  12(b)(6) ............................................................................................. 3
  23 ..................................................................................................... 8
  9(b) .............................................................................. 2, 14, 15, 16
  9(d) ............................................................................................ 1, 16

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4810-8226-1835 v2

- vi -

2:17-CV-01474-CAS-PLA
MTD SAC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   <u>INTRODUCTION</u>

Plaintiffs Rosanne Hansen, Jennifer Oh, Linda Soltis, Brooke Hoffman, Patrick Guerrero, Micah Baily, and Christina Bohnstedt (hereafter collectively "Plaintiffs") seek to bring a nationwide class action complaint against Defendants Alcohol Monitoring Systems, Inc. ("AMS") and Scram of California, Inc. ("SCRAM").  Plaintiffs allege they and other consumers purchased Defendants' ankle-worn alcohol monitoring devices as part of their court mandated rehabilitation programs, and Defendants failed to disclose an alleged defect with their devices that cause false-positive readings.

Plaintiffs attempt to patch together laws from each state in order to form a nationwide class action lawsuit.  In addition to raising questions about commonality, predominance, and ascertainability, which will be raised at the class certification stage, if necessary, Plaintiffs' Second Amended Complaint ("SAC") is deficient on its face in several ways.

First, Plaintiffs cannot bring claims for violation of California's Unfair Competition Laws (Counts 1 and 2) for non-residents.  Second, Plaintiffs cannot maintain a subclass for Ohio (Count 3) or Texas (Count 5) residents because Plaintiffs have failed to plead facts showing compliance with those states' notice requirements.  Third, Plaintiffs cannot bring a subclass on behalf of Louisiana residents (Count 6) because Louisiana's consumer laws expressly prohibit class action lawsuits.  Fourth, Plaintiffs' attempt to create a nationwide class through an amalgamation of state laws fails as Plaintiffs do not satisfy substantive and procedural requirements of various state laws (Count 8).  Fifth, Plaintiffs fail to meet the Rule 9(d) pleading standards for their claims stemming out of alleged fraud (Counts 1-10).  Sixth, Plaintiffs fail to satisfy the notice requirements for a breach of contract claim, and fail to state a claim (Count 11).  Accordingly, Plaintiffs' SAC should be dismissed.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2

- 1 -

2:17-CV-01474-CAS-PLA
MTD SAC

1    **II.**    **PROCEDURAL HISTORY**

2        On February 23, 2017, Plaintiffs filed their Complaint against SCRAM and

3  AMS alleging 1) violation of the UCL; 2) violation of California's False

4  Advertising Law; 3) violation of California's Consumers Legal Remedies Act; and

5  4) fraud, deceit, and misrepresentation. (Doc. #1.)

6        On March 31, 2017, Defendant SCRAM filed a Motion to Dismiss, which

7  Defendant AMS joined. (Docs. #10, 17.)   On April 28, 2017, the Court granted

8  Defendant's Motion to Dismiss without prejudice.  The Court found that Plaintiffs

9  failed to allege their common law fraud claim with sufficient particularity to satisfy

10  Rule 9(b).  The Court also found that Plaintiff failed to comply with CLRA's notice

11  requirement.  The Court gave Plaintiffs twenty-one (21) days to file an amended

12  complaint. (Doc. #19.)

13        Plaintiffs filed their amended complaint on May 18, 2017. (Doc. #21.)

14        On May 21, 2017, Plaintiffs filed an ex parte application to extend time to

15  file their Motion for Class Certification, which was granted by the Court. (Docs. #

16  22, 24.)

17        On June 1, 2017, Defendant AMS filed a Motion to Strike Plaintiffs' Request

18  for General and Punitive Damages and Plaintiffs' Nationwide Class allegations,

19  which was joined by Defendant SCRAM. (Docs. #27, 29.)  Both Defendants also

20  filed answers to Plaintiffs' Complaint. (Doc. #26, 28.)

21        On June 8, 2017, Plaintiffs filed a Motion for Leave to file a Second

22  Amended Complaint. (Doc. #30.)  Defendants opposed this Motion. (Doc. #32.)

23  On June 29, 2017, the Court granted Plaintiffs' Motion for Leave and deemed

24  Defendants' Motion to Strike moot. (Doc. #39.)

25        Plaintiffs lodged their Second Amended Complaint on July 3, 2017 (Doc.

26  #40), and filed notices of errata regarding the Second Amended Complaint on July

27  6, 2017. (Docs. #41, 42.)

28  ///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4810-8226-1835 v2

- 2 -

2:17-CV-01474-CAS-PLA
MTD SAC

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides a defendant may seek to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and cross "the line from conceivable to plausible." *Id*. at 570.

In *Ashcroft v. Iqbal*, the Supreme Court further clarified that the *Twombly* "plausibility" standard applies to all civil actions. 556 U.S. 662, 684, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009). "[T]he pleading standard Rule 8 announces... demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678. A complaint does not comply with Rule 8 "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (*citing, Twombly*, 550 U.S. at 557). A plausible claim for relief therefore requires well-pleaded facts sufficient to permit the court to infer more than the mere possibility of misconduct. *Id*. at 679. The Court is "not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F. 3d 752, 754-55 (9th Cir. 1994).

### IV.   RELEVANT FACTUAL ALLEGATIONS[1]

Plaintiffs allege Defendant AMS is a Delaware corporation with its national headquarters in Littleton, Colorado. Defendant AMS is a nationwide provider of alcohol monitoring devices and services to state and federal law enforcement agencies, courts, and other private entities such as rehabilitation centers. (SAC at ¶ 12.) Plaintiffs allege Defendant SCRAM is a California corporation, and is the "local distributor and provider of AMS's devices and services in this District, and

---

[1] Defendant AMS does not concede any of Plaintiffs' allegations are true.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4810-8226-1835 v2

- 3 -

2:17-CV-01474-CAS-PLA
MTD SAC

1   elsewhere throughout California." (SAC at ¶ 11.)

2       The alcohol monitoring device used by Defendants is called the SCRAM

3   Continuous Alcohol Monitoring system (the "SCRAM Device." (*Id.* ¶ 17.)   The

4   SCRAM Device is a transdermal monitoring device worn on the wearer's ankle,

5   which was designed to detect and record any instances when the wearer has

6   consumed alcohol by detecting alcohol vapors caused by ingested alcohol diffusing

7   through skin. (*Id.* ¶ 18.)   Plaintiffs allege the majority of Defendants' business

8   consists of providing alcohol monitoring services to individuals as part of court

9   mandated rehabilitation programs, as a condition of probation or bond, or other

10  purposes related to the criminal justice system. (*Id.* ¶ 19.)

11      Plaintiffs allege while Defendants are selected by state and federal agencies

12  and courts to provide monitoring services for criminal defendants, it is the criminal

13  defendants who ultimately choose to purchase Defendants' alcohol monitoring

14  services as an alternative form of monitoring offered by the state or federal agency

15  or court. (*Id.* ¶ 20.)

16       Plaintiffs allege that wearers are instructed to connect the SCRAM Device

17  to a special docking station connected to the internet to upload the monitoring date

18  collected by the device throughout the day. (*Id.* ¶ 22.)   Once the device is

19  connected, the data is sent to a central data center in Colorado operated by AMS.

20  There, the data is reviewed to determine if any monitoring "event" occurred that

21  indicates that the wearer ingested alcohol. (*Id.*)   Plaintiffs state that if upon

22  analyzing the data AMS determines that the alcohol vapor readings were caused by

23  an "alcohol consumption event," Defendants inform the law enforcement agency or

24  court exercising jurisdiction over the wearer that based on their analysis of the

25  collected data the individual had consumed alcohol. (*Id.* ¶ 41.)

26      Plaintiffs contend that because transdermal alcohol monitoring measures the

27  amount of alcohol evaporating through the wearers' skin, the SCRAM device is

28  susceptible of detecting "false-positive" alcohol readings as a result of

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2                - 4 -                2:17-CV-01474-CAS-PLA
                                                                    MTD SAC

"environmental alcohol," which is alcohol vapors that wearers encounter on an everyday basis that may come in contact with the SCRAM device. (*Id*. ¶ 24.) Moreover, Plaintiffs allege that because customers are not timely notified of when the SCRAM Device detects the presence of alcohol vapors, customers have a more difficult time disputing any findings. (*Id*. ¶ 45-46.)

## V. PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO BRING UNFAIR COMPETITION LAW AND FALSE ADVERTISEMENT CLAIMS ON BEHALF OF NON-CALIFORNIA RESIDENTS

In their SAC, Plaintiffs seek to bring Count I and II for alleged violations of California's Unfair Competition Law ("UCL") and False Advertisement Law ("FAL") on behalf of all Plaintiffs and the Nationwide Class.  However, Plaintiffs' SAC fails to allege facts to state claims for the UCL or FAL on behalf of non-California Residents.

The courts have held that extraterritorial application of the UCL and FAL is improper where non-residents of California raise claims based on conduct that allegedly occurred outside of the state. *See Sullivan v. Oracle Corp*., ___ F.3d ___, No. 06-56649, 547 F.3d 1177, 2008 WL 4811911, at *10 (9th Cir. Nov. 6, 2008). In *Sullivan*, for example, the Ninth Circuit, citing *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal.App.4th 214, 85 Cal.Rptr.2d 18 (1999), held "that § 17200 does not apply to the claims of nonresidents of California who allege violations of the FLSA outside California." *Sullivan*, 547 F.3d 1177, 2008 WL 4811911, at *10.

Here, Plaintiffs' SAC demonstrates that all the alleged wrongdoing which occurred to Plaintiffs Soltis, Hoffman, Guerrero, Bailey, Bohnstedt, and non-resident nationwide class members occurred exclusively outside of California.  In the sixty paragraphs of allegations pertaining to these specific Plaintiffs (*see* SAC at ¶¶ 96-156), there is no reference to any contacts with California.  Each of these Plaintiffs alleges that he/she lives and was arrested by law enforcement outside of California.  Further, each of these Plaintiffs alleges he/she was ordered to wear

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2

- 5 -

2:17-CV-01474-CAS-PLA
MTD SAC

1  SCRAM devices by judicial officers in their respective states.  Finally, there are no

2  allegations that Plaintiffs' proposed nationwide class members suffered any

3  wrongdoing in California or otherwise had any contacts with California.

4      Plaintiffs attempt to create a tie to California by alleging that AMS created,

5  developed, and approved marking materials in their headquarters in California. (*Id.*

6  ¶ 180.)  They also allege that money from the purchase or rental of the SCRAM

7  devices was processed at AMS' headquarters.  However, this fails in two ways.

8  First, based on Plaintiffs' own allegations, AMS is a Delaware corporation with its

9  headquarters in Littleton, Colorado. (*Id.* ¶12.)  Plaintiff alleges that all data is sent

10  to the central data center in Colorado, where it is reviewed. (*Id*. ¶ 22.) While

11  Plaintiffs allege that AMS provides some alcohol monitoring services in California,

12  it does not allege that AMS is headquartered, or runs its marketing, website, or

13  finances out of California.

14      Moreover, Plaintiffs imply that AMS made false representations on its

15  website allegedly run out of California.  In addition to the fact that there are no facts

16  demonstrating that AMS' website is "run out of California," the SAC does not

17  allege that the individual Plaintiffs in this case (or any proposed class members)

18  actually saw or relied on representations on AMS' website.  Rather, Plaintiffs allege

19  that "Ms. Soltis was required to enroll and wear the SCRAM device" by the Ohio

20  court (*Id.* ¶ 97), "Ms. Hoffman was required to report to the Sheriff's office and

21  have a member of law enforcement install the SCRAM device on her leg" by the

22  South Dakota Court (*Id.*  ¶ 110), "Mr. Guerrero was released on bond and as a

23  condition of his bond, Mr. Guerrero was ordered to wear the SCRAM device…"

24  (*Id.*  ¶ 125), and "Ms. Bohnstedt was then ordered by the [Minnesota Superior]

25  Court to enroll in the SCRAM program and wear the SCRAM Device as a

26  condition of her release." (*Id.* ¶ 146.)  Thus, because Plaintiffs allege they were

27  judicially ordered to wear SCRAM devices, they cannot show a link to a purported

28  California website.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2

- 6 -

2:17-CV-01474-CAS-PLA
MTD SAC

1    With regard to Defendant SCRAM specifically, Plaintiffs allege that
2    SCRAM's state of incorporation and headquarters is in California.   However,
3    Plaintiff neglects the fact that, by their own admission, out-of-state Plaintiffs were
4    not using devices that were distributed by SCRAM.   Specifically, Plaintiffs allege
5    that SCRAM is the **local** distributor of SCRAM devices, in this Federal judicial
6    district and elsewhere **in California**.   (SAC at ¶11.)   Therefore, according to
7    Plaintiffs own allegations, SCRAM could not have been the distributor of any
8    device to individuals outside of the State of California.   Such individuals would
9    therefore have no claim against SCRAM, and no connection to SCRAM's
10   operations within the State.

11   In sum, Plaintiffs allege that the wrongful conduct against non-residents in
12   their proposed nationwide class occurred in the jurisdiction where the non-residents
13   resided—not California.   Therefore, Plaintiffs' UCL claim brought on behalf of
14   non-California residents should be dismissed.

15   **VI.   PLAINTIFFS HAVE NOT ALLEGED COMPLIANCE WITH OHIO**
16   **OR TEXAS' NOTICE REQUIREMENTS**

17   Plaintiffs' Third Cause of Action for alleged violation of the Ohio Consumer
18   Sales Practices Act ("CSPA") is brought on behalf of Plaintiff Linda Soltis and the
19   proposed Ohio Subclass.   Plaintiff's Fifth Cause of Action for alleged violation of
20   the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") is
21   brought by Plaintiff Guerrero and the proposed Texas subclass.   These claims
22   should be dismissed because Plaintiffs have failed to allege that they have complied
23   with the notice requirements of the Ohio CSPA or Texas DTPA.

24   **A.   Ohio Notice Requirement**

25   Under Ohio Revised Code Section 1345.09(B), the relevant CSPA provision,
26   a plaintiff may not bring a class action without alleging that the defendant had
27   sufficient "notice" that the conduct was deceptive.   A defendant has "notice" only
28   where the conduct at issue is "substantially similar" to conduct that was previously

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2                - 7 -                2:17-CV-01474-CAS-PLA
                                                                    MTD SAC

found deceptive by an Ohio administrative rule or an Ohio state court decision. R.C. 1345.09(B).  In *Phillips v. Philip Morris Companies Inc*., No. 5:10-cv-1741, 2013 U.S. Dist. LEXIS 40908 (N.D. Ohio Mar. 21, 2013) (Judge Sara Lioi), the Court held that CSPA's class action "notice requirement" restriction applies in diversity cases and is not trumped by Federal Rule 23.  *See also Bower v. International Business Machines, Inc*. (S.D. Ohio 2007), 495 F.Supp.2d 837.

Plaintiff Soltis has failed to allege that Defendants' conduct was previously found deceptive by an Ohio administrative rule or an Ohio state court decision. While Plaintiff Soltis references her criminal case, she notes that no judge made an actual ruling regarding the reliability of AMS' devices.  Nor has Plaintiff demonstrated a civil case or administrative rule regarding the same.

## B.     Texas' Notice Requirement

The Texas DTPA, Section 17.505(a) provides that "[a]s a prerequisite to filing a suit seeking damages under [Section 17.50(b)(1)] against any person, a consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.  During the 60-day period, a written request to inspect, in a reasonable manner and at a reasonable time and place, the goods that are the subject of the consumer's action or claim may be presented to the consumer." Tex. Bus. & Comm. Code § 17.505(a).  When a plaintiff fails to provide pre-suit notice required by this subsection, the trial court is required to abate the suit until the plaintiff serves notice that complies with the statute. Tex. Bus. & Com. Code § 17.505.

Plaintiffs have failed to allege compliance with the notice requirements of the Texas DTPA. Therefore, Plaintiffs' Fifth Cause of Action should be dismissed because Plaintiffs have made a claim for damages without complying with Texas'

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2                - 8 -                2:17-CV-01474-CAS-PLA
MTD SAC

DTPA's pre-lawsuit notice.

## VII. <u>PLAINTIFFS CANNOT BRING A SUB-CLASS ACTION UNDER LOUISIANA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW</u>

In Plaintiffs' Sixth Cause of Action, Plaintiff Micah Bailey seeks to bring a claim under Louisiana's Unfair Trade Practices and Consumer Protection Act ("LUTPA") on behalf of himself and the Louisiana Subclass.  However, the Louisiana sub-class action is improper because LUTPA expressly prohibits private class actions for damages.

La. Stat. Ann. § 51:1409 states that, "Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, **may bring an action individually but not in a representative capacity to cover damages**." (Emphasis added.) *See State ex rel. Guste v. General Motors Corp*., 370 So. 2d 477, 485 (La. 1978) ("However, class actions for actual damages are specifically forbidden to private litigants."). *See also Iberia Credit Bureau, Inc., v. Cingular Wireless LLC*, 379 F.3d 159, 174-75 (5th Cir. 2004) (LUTPA, "which is one basis of the plaintiffs' claims, does not permit individuals to bring class actions."); *Morris v. Sears, Roebuck & Co*., 765 So. 2d 419, 421 (La. Ct. App. 2000) (holding that LUTPA expressly prohibits a private class action); *Edwards v. Chrysler Motor Co., Inc*., 984 So. 2d 85, 87 (La. Ct. App. 2008).

Therefore, the Louisiana subclass is not viable under LUPTA and must be dismissed.

///

///

///

///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4810-8226-1835 v2

- 9 -

2:17-CV-01474-CAS-PLA
MTD SAC

**VIII. <u>PLAINTIFFS CANNOT CREATE A CAUSE OF ACTION BASED ON VARIOUS STATES' CONSUMER PROTECTION LAWS WITH DIFFERENT PROCEDURAL AND SUBSTANTIVE REQUIREMENTS THAT HAVE NOT BEEN MET</u>**

In their Eighth Cause of Action, Plaintiffs attempt to weave together consumer fraud and deceptive trade practices acts of various states by simply listing the laws of all fifty states and the District of Columbia.  However, many of the state laws 1) do not allow private causes of action, 2) do not allow class actions, 3) require a showing of reliance, 4) require notice, and 5) preclude actions which should be brought under products liability claims, or some combination of several of these factors.  Therefore, this cannot be a singular cause of action that can be brought by Plaintiffs – or the basis for a nationwide class -- because the requirements vary so greatly and Plaintiffs have failed to allege facts satisfying the pleading requirements for each state.

**A.   <u>Mississippi and Oregon Do Not Allow Private Causes of Action</u>**

Although Plaintiffs claim that their Eighth Cause of Action is based on all state laws, Mississippi and Oregon have prohibitions on private causes of action for their respective consumer protection laws.  For example, Mississippi Code § 75-24-5(1) broadly prohibits deceptive practices, but only allows the Attorney General to enforce this prohibition.

Similarly, Oregon Rev. Stat. § 646.608(1)(u) prohibits "any other unfair or deceptive conduct in trade or commerce," but Or. Rev. Stat. § 646.608(4) prohibits suit under this section unless the Attorney General has "first established a rule ... declaring the conduct to be unfair or deceptive in trade or commerce."  There are no facts alleging the Oregon Attorney General has declared AMS' product deceptive.

Therefore, Plaintiffs cannot predicate their claims based on these two laws because there is no private cause of action, and instead they must be brought by the Attorney General.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2

- 10 -

2:17-CV-01474-CAS-PLA
MTD SAC

### B.   Several States Do Not Allow Class Action Lawsuits

While the Eighth Cause of Action is brought on behalf of Plaintiffs and the nationwide class, several states explicitly prohibit class action lawsuits for alleged violations of consumer fraud and deceptive practices acts.

The Alabama Deceptive Trade Practices Act (ADTPA) expressly prohibits individual consumers from bringing ADTPA claims on behalf of a class. Ala. Code § 8-19-10(f). *See Univ. Fed. Credit Union v. Grayson*, 878 So. 2d 280, 285 n.2 (Ala. 2003); *see also Ex parte Exxon Corp*., 725 So. 2d 930, 933 (Ala. 1998) (decertifying class and holding that consumer's attempt to bring a class action under New Jersey consumer protection laws was violative of Alabama policy as stated in the ADTPA).

The Georgia Fair Business Practices Act states that, "Any person who suffers injury…may bring an action individually, but not in a representative capacity, against the person or persons engaged in such violations under the rules of civil procedure to seek equitable injunctive relief and to recover his general and exemplary damages…." O.C.G.A. §10-1-399(a). *Honig v. Comcast of Georgia*, 537 F.Supp.2d 1277 (N.D.Ga. 2008); *Friedlander v. PDK Labs*, 266 Ga. 180, 465 S.E.2d 670, 671 (1996).

As noted above, the Louisiana Unfair Trade Practices and Consumer Protection Act, under Stat. Ann. § 51:1409, disallows suit in representative capacity.

Finally, several state laws generally prohibit class actions.  Mississippi has no class action rule or statute and Mississippi state courts do not recognize class actions.  Similarly, Montana Code § 30-14-133(1) expressly prohibits class actions. South Carolina prohibits class action lawsuits under S.C. Code § 39-5-140; Tennessee Code § 47-18-109(a)(1) allows an action for damages to be brought "individually."   The Tennessee Supreme Court has interpreted this language to preclude class actions: *Walker v. Sunrise Pontiac-GMC Truck, Inc*., 249 S.W.3d

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2                                    - 11 -

2:17-CV-01474-CAS-PLA
MTD SAC

301 (Tenn. 2008).  Finally, Virginia does not allow class actions. *See Pearsall v. Va. Racing Comm'n*, 494 S.E.2d 879, 883 (Va. App. 1998).  Plaintiffs have not provided procedural justification to allow them to proceed with state law claims for states that do not allow class actions.

Therefore, Plaintiffs should not be permitted to proceed with a nationwide class based on piecing together various state laws because at least eight states have prohibited consumer class actions or general class action lawsuits.

## C. <u>Plaintiffs Have Failed to Allege Reliance Which is Required for Some States</u>

Several states require Plaintiffs to allege facts showing Plaintiffs specifically relied[2] on Defendants' alleged misrepresentations in order to state a claim for violations of consumer protection laws.

For example, in Georgia, the Georgia Court of Appeals in *Zeeman v. Black*, 156 Ga. App. 82, 273 S.E.2d 910 (Ga. App. 1980), held that reliance is required, based on the statute's language calling for the plaintiff to write a demand for relief and describe "the unfair or deceptive practice."  Similarly, the language of the consumer laws in Indiana (Indiana Code § 24-5-0.5-4), Virginia (*Key v. Lewis Aquatech Pool Supply, Inc.*, 58 Va. Cir. 344, 2002 WL 920936 (Va. Cir. Ct. 2002), and Wyoming (Wyo. Stat. Ann. §§ 40-12-102(a)(ix), 40-12-108(a)) all require that a consumer show reliance before a claim for consumer protections can be brought.

In the SAC, Plaintiffs' allegations all involve the Court ordering them to wear SCRAM devices. Plaintiffs have failed to plead specific facts to show that they personally relied on alleged misrepresentations made by Defendants.

---

[2] Defendants note that reliance will also pose problems for the commonality requirement should Plaintiffs seek class certification.  In *Toy v. Metropolitan Life Insurance Co.*, 928 A.2d 186, 201-03 (Pa. 2007), a Pennsylvania court held that because reliance is an individual issue, it precludes class certification.  *See also Weinberg v. Sun Co.*, 777 A.2d 442, 444 (Pa. 2001); *Tran v. Metropolitan Life Insurance Co.*, 408 F.3d 130, 140-41 (3d Cir. 2005).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2                    - 12 -                    2:17-CV-01474-CAS-PLA
                                                                   MTD SAC

1    Therefore, Plaintiffs' claims should be dismissed.

2        **D.     Plaintiffs Have Failed to Show Compliance with the Notice**
3              **Requirement of Several States**

4        As noted above, Ohio and Texas both require pre-suit notice.  Several other

5    states also have a pre-suit requirement with which Plaintiffs have failed to show

6    compliance.

7        These states include: Alabama (Ala. Code § 8-19-10(e)); Alaska (Alaska

8    Stat. § 45.50.531 for injunctions); California (Cal. Civil Code § 1782 for Legal

9    Remedies Act); Georgia (Ga. Code § 10-1-399(b));  Illinois (for plaintiffs pursuing

10   a private cause of action pursuant to Illinois laws, Section 10a(d) requires that they

11   mail a copy of their complaint or initial pleading to the Attorney General upon

12   commencement of the lawsuit); Indiana (Ind. Code §§ 24- 5-0.5-5 and 24-5-0.5-

13   2(a)(5)-(8);  Maine (Me. Rev. Stat. Ann. tit. 5 § 213(1-A)); Massachusetts (Mass.

14   Gen. Laws ch. 93A, § 9(3)); Mississippi (Miss. Code § 75-24-15(2) requires pre-

15   suit participation in AG-approved informal dispute settlement program, which

16   necessarily entails a pre-suit notice); West Virginia (W. Va. Code § 46A-6-106(b).)

17       Although Defendants acknowledge that the nationwide class has yet to be

18   established or certified, several proposed class representatives themselves fail to

19   allege they provided Defendant with pre-suit notice as required by their respective

20   states.  Specifically, in ruling on the Motion to Dismiss Plaintiffs' initial complaint,

21   this Court has already found that Plaintiffs Hansen and Oh did not comply with the

22   CLRA notice requirement. (Doc. #19.)  Further, as noted above, Plaintiffs Soltis

23   and Guerrero have failed to plead facts showing compliance with the pre-notice

24   requirements for Ohio and Texas, respectively.

25       Therefore, Plaintiffs cannot bring a claim based on state law claims where

26   they have failed to satisfy the pre-notice requirements.

27       **E.     Plaintiffs Cannot Bring Products Liability Claims in Disguise**

28       Several states prohibit consumer claims that should be brought as products

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2                    - 13 -                    2:17-CV-01474-CAS-PLA
                                                                   MTD SAC

liability claims.  For example, the courts in Connecticut have indicated that a court may strike a Connecticut Unfair Trade Practices Act claim if the court finds it to be a product liability claim in disguise. *See, e.g., Hurley v. Heart Physicians, P.C*., 898 A.2d 777, 789 (Conn. 2006) (holding CUTPA claim barred where plaintiff sought recovery for personal injury by defective product).

Similarly, the Appellate Division and the New Jersey Supreme Court have held that plaintiffs cannot purse NJCFA claims if these claims also involve products liability claims, as these actions are subsumed by New Jersey's Product Liability Law, N.J.S.A. 2A:58C-1, et seq. ("PLA"). *McDarby v. Merck & Co*., 401 N.J. Super. 10 (App. Div. 2008); *Sinclair v. Merck & Co*., 195 N.J. 51 (2008).

Plaintiffs' claims are wholly based on the contention that the SCRAM device was defective.  On the first page of the SAC, Plaintiffs indicate that they "seek redress from Defendants for their failure to disclose **a known defect** with their transdermal monitoring device which causes false-positive readings as a result of multiple environmental contaminants unrelated to the said wearer's consumption of any alcohol." (SAC at p. 2) (emphasis added.)

Therefore, because the essence of Plaintiffs' complaint is about an alleged defect with the SCRAM devices, Plaintiffs cannot bring their consumer protection claims under Connecticut or New Jersey law.

## IX.  PLAINTIFFS FAIL TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR ANY FRAUD CLAIMS

In order to state a claim for fraud, a plaintiff must satisfy Rule 9(b).  As this Court has already held, Rule 9(b) not only applies to common law fraud claims, but also state law claims that stems out of defendants' allegedly fraudulent misrepresentations. (Doc. #19) (holding that plaintiffs' UCL, FAL, and CLRA claims also sound in fraud because each claim relies on defendants' allegedly fraudulent misrepresentations).  Thus, Plaintiffs' first ten causes of action—which include consumer protection laws of all states, fraudulent misrepresentation, and

unjust enrichment, should be governed by the Rule 9(b) pleading standards because they all are grounded in alleged fraud. In turn, Plaintiffs' first ten causes of action should be dismissed because Plaintiffs fail to satisfy Rule 9(b).

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "It is well-settled that the Federal Rules of Civil Procedure apply in federal court, 'irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (*citing Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003)). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, *id*. at 735, provided the plaintiffs set forth "what is false or misleading about a statement, and why it is false." *Decker v. GlenFed, Inc*. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994).

Here, Plaintiffs' SAC fails to include several details necessary to state a claim pursuant to Rule 9(b). Although Plaintiffs generally allege that Defendants' marketing materials and websites contain false information regarding the reliability of its products, Plaintiffs fail to specify who exactly made such representations and what exact language on the advertisement was false and misleading. It is unclear whether Plaintiffs are referring to AMS or SCRAM's website, brochure, or other marketing material and what language was allegedly untrue. Plaintiffs have failed to reference any specific language from any marketing materials or websites.

Further, Plaintiffs fail to identify when the advertisements were made or when Plaintiffs viewed them. Indeed, based on the allegations, it appears that Plaintiffs themselves did not view any advertisements, as Plaintiffs allege that the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2

2:17-CV-01474-CAS-PLA
MTD SAC

SCRAM devices were ordered by the Court.  In turn, Plaintiffs fail to allege how they relied on any misrepresentations.

Finally, these details are particularly important because, as Plaintiffs claim in the SAC, SCRAM and AMS produce several different models of SCRAM devices as well as other devices. (SAC ¶ 48.)  It is unclear based on Plaintiffs allegations which devices Plaintiffs claim had false and misleading advertisements.

This case is similar to *Kearns,* where the Ninth Circuit held that plaintiffs' general allegations that Ford made false and misleading statements in its national commercials regarding its "certified pre-owned vehicles" failed to meet the Rule 9(b) standard for alleging fraud with specificity.  In *Kearns*, the Ninth Circuit stated:

> Kearns fails to allege in any of his complaints the particular circumstances surrounding such representations. Nowhere in the TAC does Kearns specify what the television advertisements or other sales material specifically stated. Nor did Kearns specify when he was exposed to them or which ones he found material. Kearns also failed to specify which sales material he relied upon in making his decision to buy a CPO vehicle. Kearns does allege that he was specifically told "CPO vehicles were the best used vehicles available as they were individually hand-picked and rigorously inspected used vehicles with a Ford backed extended warranty." Kearns does not, however, specify who made this statement or when this statement was made. Kearns failed to articulate the who, what, when, where, and how of the misconduct alleged. The pleading of these neutral facts fails to give Ford the opportunity to respond to the alleged misconduct.

*Id.* at 1126.

This is Plaintiffs' third version of their complaint, and the original complaint was already dismissed for failure to plead fraud with specificity required by Rule 9(d).  Because Plaintiffs have failed to cure the defects in their amended complaint, Plaintiffs' first ten causes of action should be dismissed without leave to amend.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4810-8226-1835 v2                     - 16 -                     2:17-CV-01474-CAS-PLA
                                                                      MTD SAC

1
2

## X.   **PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF CONTRACT**

3  Plaintiff's eleventh cause of action is based on breach of contract under

4  "California and Other States' Common Law."  However, Plaintiffs have failed to

5  allege facts showing compliance with the notice requirement for a breach of

6  contract claim, and have failed to meet the requisite elements to state a breach of

7  contract claim.

8  ### A.   **Plaintiffs Failed to Allege Notice**

9  "To avoid dismissal of a breach of contract or breach of warranty claim in

10  California, '[a] buyer must plead that notice of the alleged breach was provided to

11  the seller within a reasonable time after discovery of the breach.'" *Alvarez v.*

12  *Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011) (*quoting Stearns v. Select*

13  *Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010)) (formatting in

14  original). "The purpose of giving notice of breach is to allow the breaching party to

15  cure the breach and thereby avoid the necessity of litigating the matter in court." *Id.*

16  (*citing Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 135

17  (2008)). To comport with the objectives of the notice requirement, the notice must

18  be served prior to service of the complaint and not simultaneously with it. *Id.* at

19  932-33.

20  Plaintiffs have failed to allege that they have provided notice to Defendants

21  regarding the purported breach prior to initiating this lawsuit. Therefore, Plaintiffs'

22  breach of contract claim should be dismissed.

23  ### B.   **Plaintiffs Have Failed to Allege Sufficient Facts to Show a Breach**

24  Plaintiffs allege that contracts exist between Plaintiffs and Defendants for

25  their ankle-monitoring services.   Although Plaintiffs allege that Defendants

26  breached these contracts under California and other unspecified state laws,[3] this

27
28  _____

[3]Defendants note that courts have generally refused to certify nationwide classes based upon breach of contract theories on the basis that there was no manageable way to deal with the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2

- 17 -

2:17-CV-01474-CAS-PLA
MTD SAC

1   conclusory allegation is insufficient to state a claim.

2       To the extent Plaintiffs are bringing their claims in California, the courts

3   have held that "[i]f the action is based on alleged breach of a written contract, the

4   terms must be set out verbatim in the body of the complaint or a copy of the written

5   agreement must be attached and incorporated by reference." *Harris v. Rudin,*

6   *Richman & Appel*, 74 Cal.App.4th 299, 307, 87 Cal.Rptr.2d 822 (1999).

7       Here, there are no allegations in Plaintiffs' SAC regarding when Plaintiffs

8   entered into each contract, who the contracting parties were, or where the contract

9   was executed.  There is no information about any of the terms of the contract or

10  choice of law provisions.  Importantly, Plaintiffs fail to attach any contract and fail

11  to set out verbatim in the body of the complaint the terms that Defendants allegedly

12  violated, which is required to state a claim for breach of contract.

13      Further, to the extent Plaintiffs seek to bring a breach of contract claim under

14  the laws of an unspecified jurisdiction outside California, as stated above Plaintiffs

15  allege that SCRAM only distributed devices within California.

16      Without setting out any of this information, and failing to give Defendants

17  notice, Plaintiffs have failed to allege the basic facts necessary to state a claim for

18  breach of contract. This claim accordingly should also be dismissed.

19  **XI.**  **CONCLUSION**

20      For the reasons set forth above, Plaintiffs' SAC should be dismissed.

21  Plaintiffs' SAC fails to state a claim for non-residents under the UCL, fails to

22  satisfy notice requirements for Ohio and Texas consumer protection claims, violates

23  Louisiana's class action laws, fails to meet the particularity requirements for the

24  ///

25  ///

26

27  variances in state laws. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001); *McFarland v. Memorex Corp.*, 96 F.R.D. 357 (N.D. Cal. 1982); *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 728 (9th Cir. 2007).

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2                                    - 18 -                        2:17-CV-01474-CAS-PLA
MTD SAC

vast majority of claims which stem out of alleged fraud, fails to satisfy notice requirements for breach of contract claims, and fails to state a claim for breach of contract.

Dated:  July 27, 2017                    BURKE, WILLIAMS & SORENSEN, LLP


                                         By:  /s/ Kristina Doan Gruenberg
                                              Susan E. Coleman
                                              Kristina Doan Gruenberg

                                         Attorneys for Defendant
                                         ALCOHOL   MONITORING   SYSTEMS,
                                         INC.


Dated:  July 27, 2017                    MARRONE ROBINSON FREDERICK & FOSTER


                                         By:  /s/ Paul J. Whitfield
                                              J. Alan Frederick
                                              Paul J. Whitfield

                                         Attorneys for Defendant
                                         SCRAM OF CALIFORNIA, INC.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8226-1835 v2

- 19 -

2:17-CV-01474-CAS-PLA
MTD SAC